Filed 5/15/15  P. v. Fairly CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076914 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F07797) |
| v. | |
| CHISI RAY FAIRLY, | |
| Defendant and Appellant. | |

In August 1997, defendant Chisi Ray Fairly was sentenced to 50 years to life plus 10 years, following his conviction for first degree burglary (Pen. Code, § 459)[1] and two counts of petty theft with a prior (§ 666) with two strikes and two serious felonies.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant received two consecutive 25-year-to-life terms (first degree burglary and one count of petty theft with a prior) plus 10 years for the serious felony enhancements, for an aggregate sentence of 60 years to life in state prison.  Sentencing on the other count of petty theft with a prior was stayed pursuant to section 654.

1

Defendant filed a petition for resentencing pursuant to section 1170.126 in June 2014. The trial court denied the petition, finding defendant ineligible for resentencing because the 1997 burglary conviction was a serious felony, which therefore disqualified him from resentencing.

On appeal, defendant contends he was eligible for resentencing for the crime that was not a serious or violent felony or otherwise disqualified him from section 1170.126 resentencing.[3] We shall affirm.

## DISCUSSION[4]

Section 1170.126 is not transparent about its application to a defendant who is presently sentenced to a hybrid indeterminate life sentence composed of indeterminate life terms for both qualifying and disqualifying felonies. It declares its intent to apply "exclusively to persons presently serving an indeterminate term of imprisonment . . . whose sentence . . . would not have been an indeterminate life sentence" under the 2012 amendments to section 667. (§ 1170.126, subd. (a).) It then authorizes "[a]ny person serving an indeterminate term of life imprisonment" under former section 667 "upon conviction . . . of a felony or felonies that are not defined as serious and/or violent felonies" to file a recall petition for resentencing under the present provisions. (§ 1170.126, subd. (b).) The petition must include "all of the currently charged [*sic*] felonies [that] resulted in the sentence" presently served, along with all the findings of prior serious or violent felony convictions. (§ 1170.126, subd. (d).) The inmate is

---

[3] This issue is pending in the Supreme Court. (*People v. Hubbard* (2014) 228 Cal.App.4th 1442, review granted Oct. 29, 2014, S221541; *In re Machado* (2014) 226 Cal.App.4th 1044 , review granted July 30, 2014, S219819; *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922.)

[4] We dispense with the facts of defendant's crimes, as they are unnecessary to resolve this appeal.

2

"eligible" for relief if he or she is "serving an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" (§ 1170.126, subd. (e)(1)) and the "current sentence was not imposed for any of the offenses" specified in other exceptions to the statute (§ 1170.126, subd. (e)(2) [cross-referencing § 667, subd. (e)(2)(C)(i–iii)]). Certain prior convictions also disqualify an inmate. (§ 1170.126, subd. (e)(3) [cross-referencing § 667, subd. (e)(2)(C)(iv)].) Upon "receiving" the petition, the trial court determines whether the inmate is eligible for resentencing; upon a finding of eligibility, the trial court then "shall" resentence the inmate under the 2012 amendments to section 667 (i.e., a doubled prison term) unless it determines in its discretion that the resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

Section 1170.126 does not expressly refer to a hybrid indeterminate life sentence like defendant's. We first look to the statute's text to determine its proper application. (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 321.) We give primacy to subdivision (a) of section 1170.126 because it is a declaration of the statute's purpose. It states that the statute is intended to apply exclusively to persons serving a sentence of an indeterminate life term that would not have been an indeterminate life term under the 2012 prospective amendments. The only way the current sentence would not have been an indeterminate life term under the prospective provisions is if no commitment conviction was disqualifying, and thus eligibility must be assessed on the commitment judgment as a whole and not per offense.

While portions of section 1170.126 can in isolation be read both ways, doing so would violate the well-established principles of statutory construction to look at the language as a whole to interpret their meaning in the context of the entire statutory or regulatory scheme of which they are a part. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715; *Department of Health Services v. Civil Service Com.* (1993)

3

17 Cal.App.4th 487, 494-495.)  In the context of section 1170.126's declaration of purpose, the language of subdivisions (b) and (e)(1) further supports the interpretation of "sentence" as an aggregate sentence and "term" as a total term of years rather than only one component of an aggregate sentence.  Both subdivisions could apply to a single term imposed for multiple felonies.  Also, the language in subdivision (e)(2) and (3) supports looking at the judgment as a whole instead of the offenses.  Both mandate that the overall current sentence cannot include a commitment or prior conviction for any disqualifying offenses.  Likewise, subdivision (d)'s requirement to list all of the currently charged offenses and all of the prior convictions can be read to support looking at the judgment as a whole.

Since the statute's text is not ambiguous regarding its purpose regarding hybrid sentences, we need not resort to extrinsic evidence of the electorate's intent.  (*County of Sacramento v. Superior Court* (2012) 209 Cal.App.4th 776, 782; see *People v. Meyer* (2010) 186 Cal.App.4th 1279, 1283 [interpretation of statutes]; see also *People v. McRoberts* (2009) 178 Cal.App.4th 1249, 1255 [court applies same interpretive rules to initiatives].)  We nonetheless note that such aids support our textual analysis.

The proponents of Proposition 36 gave six arguments in its favor:  (1) saving over $100 million every year; (2) making room in prison for truly dangerous felons; (3) having law enforcement support; (4) having taxpayer support; (5) being tough and smart on crime; and (6) making the punishment fit the crime.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 171 (*Yearwood*).)  The ballot arguments in favor focused on saving money while protecting public safety, because otherwise prison overcrowding would result in the indiscriminate release of dangerous criminals.  " 'People convicted of shoplifting a pair of socks, [or] stealing bread or baby formula don't deserve life sentences' "; the initiative " 'will keep dangerous criminals off the streets' " because the

4

drafters " 'carefully crafted [it] so that truly dangerous criminals will [not] receive [any] benefits whatsoever from the reform.' " (*Ibid.*)

Applying section 1170.126 to the portion of hybrid sentences that are not serious or violent felonies is inconsistent with the concerns expressed in the ballot arguments. While having defendant serve a doubled base term for the crimes that are not a serious or violent felony might save money and might be a more fitting punishment as to that crime, the intent of the voters discussed above does not give equal weight both to the public fisc and the protection of the public, such that there is any call for giving effect to the " 'rule of lenity.' " (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1339, fn. 6.) Rather, the voters were concerned with saving money only if public safety were ensured at the same time. (*People v. White* (2014) 223 Cal.App.4th 512, 522 [noting electorate "approved a mandate" that amendments be "liberally construed" to protect safety of people of California]; *Yearwood*, *supra*, 213 Cal.App.4th at p. 175 [enhancing public safety is key purpose of amendments].) Therefore, if a "truly dangerous" felon—i.e., one who has committed a present serious or violent felony—is not to get any benefit under section 1170.126, then a situation in which this felon committed even more felonies in addition to a disqualifying serious or violent felony is not one entitling such felon to any amelioration of the resulting sentence. We also do not agree, as has been suggested, that the "danger to public safety" determination is the vehicle through which to deny relief to defendants with hybrid sentences. (§ 1170.126, subd. (f).) The eligibility analysis is focused on screening out offenses that are deemed to be a danger to society, and the public safety analysis serves to screen out offenders whose characteristics otherwise represent a danger.

In sum, we conclude that the voters did not intend to allow a defendant who has a disqualifying current conviction to benefit from section 1170.126. Even if defendant is serving "an indeterminate term of [life] imprisonment" under section 667 or 1170.126, he

is not someone "whose sentence under this act would not have been an indeterminate life sentence" had he been sentenced under the current law.  (§ 1170.126, subd. (a).)

Accordingly, defendant was not eligible for resentencing.  The trial court was therefore correct in denying the petition on receipt without a hearing.

## DISPOSITION

The judgment is affirmed.


                                                    BUTZ            , J.


We concur:


     NICHOLSON     , Acting P. J.


     ROBIE           , J.